# NO. 12-19-00295-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JUSTIN LEWIS MCCREARY,*<br>*APPELLANT* | § | *APPEAL FROM THE 369TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Justin Lewis McCreary appeals his conviction for aggravated sexual assault of a child. In one issue, Appellant argues that his sentence constitutes cruel and unusual punishment and is grossly disproportionate to the crime he committed. We affirm.

### BACKGROUND

Appellant was indicted for the first-degree felony offense of aggravated sexual assault of a child. In 2016, Appellant pleaded "guilty" to the offense, and the trial court placed Appellant on deferred adjudication community supervision. In 2019, the State filed an application to adjudicate Appellant's guilt for various alleged violations of the terms of his community supervision, including his commission of the offense of evading arrest or detention. Appellant pleaded "not true" to the allegations in the State's application. After a hearing, the trial court adjudicated Appellant's guilt, found the State's allegations in its application to be "true," found him "guilty" of the underlying offense, revoked his community supervision, and sentenced him to imprisonment for life. This appeal followed.

## CRUEL AND UNUSUAL PUNISHMENT

In his sole issue, Appellant argues that the life sentence of imprisonment imposed by the trial court is grossly disproportionate to the crime committed and amounts to cruel and unusual punishment. "To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired." *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *see also Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver of complaint of cruel and unusual punishment under the Texas Constitution because defendant presented his argument for first time on appeal); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (defendant waived complaint that statute violated his rights under the United States Constitution when raised for first time on appeal); *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion[;] . . . it [is] incumbent upon the [c]ourt itself to take up error preservation as a threshold issue."); TEX. R. APP. P. 33.1. A review of the record shows that Appellant lodged no objection to the constitutionality of his sentence at the trial court level, and has, therefore, failed to preserve error for appellate review. *See Kim*, 283 S.W.3d at 475; *see also Rhoades*, 934 S.W.2d at 120; *Curry*, 910 S.W.2d at 497; *Mays*, 285 S.W.3d at 889; TEX. R. APP. P. 33.1.

However, despite Appellant's failure to preserve error, we conclude his sentence does not constitute cruel and unusual punishment. The Eighth Amendment to the Constitution of the United States provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010) (citing *Robinson v. California*, 370 U.S. 660, 666–667, 82 S. Ct. 1417, 1420–21, 8 L. Ed. 2d 758 (1962)).

The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664. Appellant was convicted of

aggravated sexual assault of a child, the punishment range for which is no less than five years but no more than ninety-nine years or life imprisonment. *See* TEX. PENAL CODE ANN. §§ 12.32(a), 22.021(a)(1)(A)(ii), (2), (b) (West 2019). Thus, the sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. *See Harris*, 656 S.W.2d at 486; *Jordan*, 495 S.W.2d at 952; *Davis*, 905 S.W.2d at 664.

Nevertheless, Appellant urges the court to perform the three-part test originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Id.*, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g.*, *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845–46 (Tex. App.—Texarkana 1999, no pet.).

We are guided by the holding in *Rummel v. Estelle* in making the threshold determination of whether Appellant's sentence is grossly disproportionate to his crime. 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In *Rummel*, the Supreme Court considered the proportionality claim of an appellant who received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1135. In that case, the appellant received a life sentence because he had two prior felony convictions—one for fraudulent use of a credit card to obtain $80 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 265–66, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 284–85, 100 S. Ct. at 1144–45.

In this case, the offense committed by Appellant—aggravated sexual assault of a child—is far more serious than the combination of offenses committed by the appellant in ***Rummel***, while Appellant's life sentence is the same as the sentence upheld by the Supreme Court in ***Rummel***. Thus, it is reasonable to conclude that if the sentence in ***Rummel*** is not constitutionally disproportionate, neither is the sentence assessed against Appellant in this case. Furthermore, in his brief, Appellant points to evidence of his psychological assessment showing that he suffered from borderline intelligence, functional illiteracy, attention deficit disorder, a mild mood disturbance, and a high anxiety level. Appellant appears to argue that his psychological assessment was relevant in determining whether his sentence is grossly disproportionate to the crime he committed, and further contends that the trial court failed to consider this evidence in assessing his sentence. We need not address the former contention, because even if the results of his psychological assessment are relevant to the grossly disproportionate analysis, we disagree with his latter contention that the trial court failed to consider it. After the close of evidence and the parties rested, the record shows that the trial court recessed the proceeding to consider all of the evidence, including the results of Appellant's psychological assessment, specifically mentioning it by name.

Finally, Appellant makes a conclusory statement in his brief that his life sentence is grossly disproportionate when compared to sentences in this jurisdiction and other jurisdictions. However, he cites to no authority to support this contention. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to the authorities and to the record."). Because we do not conclude that Appellant's sentence is disproportionate to his crime, we need not apply the remaining elements of the ***Solem*** test. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered March 31, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 31, 2020**

**NO. 12-19-00295-CR**

**JUSTIN LEWIS MCCREARY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 369th District Court
of Anderson County, Texas (Tr.Ct.No. 369CR-15-32392)

   THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

   It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

     Brian Hoyle, Justice.
     *Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*